**Joel M. SCHUMM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–0608–CV–388.

Court of Appeals of Indiana.

July 6, 2007.

Joel M. Schumm, Indianapolis, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

*Case Summary and Issues*

Following a jury trial, Joel M. Schumm appealed the determination that he operated a vehicle with improper taillights, a Class C infraction. We reversed on the grounds that the trial court improperly denied Schumm's *Batson* challenge.[1] *Schumm v. State,* 866 N.E.2d 781 (Ind.Ct. App.2007). In that opinion, we also addressed several issues that were likely to recur on remand. Schumm has petitioned for rehearing, raising five issues. We grant Schumm's petition to correct a factual statement and clarify two aspects of our earlier opinion.

---

1. *See Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (a party cannot constitutionally use a peremptory challenge to strike a prospective juror solely on account of the juror's race).

*Discussion*

## I. Indiana Pattern Jury Instruction (Civil) 17.03

In our opinion, we stated that a jury instruction submitted by Schumm was not an Indiana pattern instruction. Research has disclosed that this instruction is indeed an Indiana pattern instruction.[2] *See* Indiana Pattern Jury Instruction (Civil) 17.03. This fact has no effect on the reasoning or outcome of our previous opinion.

## II. Department of Transportation Regulations

■ Prior to trial, the trial court issued a motion in limine preventing Schumm from introducing evidence relating to the Department of Transportation ("DOT") regulations. In our opinion, we stated that Schumm had waived his argument regarding the admissibility of the DOT regulations by failing to seek to introduce evidence relating to them at trial. We went on to address the issue of whether the trial court's motion in limine was proper, and indicated that the regulations were highly relevant to Schumm's defense, and that we "fail[ed] to see how evidence regarding these regulations could be categorically inadmissible, as proof of compliance with the regulations establishes that Schumm did not commit a Class C infraction." *Schumm*, 866 N.E.2d at 791. Although we addressed this issue, Schumm argues that he did not in fact waive his argument because he made an offer to prove in which he asked Officer Groomes whether his vehicle was in compliance with the DOT regulations.

Schumm clearly sought to introduce this evidence to demonstrate that Schumm's vehicle was in fact in compliance with the DOT regulations, as he argued on his initial appeal that Officer Groomes's statement to this effect should have entitled Schumm to summary judgment. Therefore, Officer Groomes's testimony in regard to Schumm's compliance with the DOT regulations is inadmissible under Indiana Evidence Rule 704(b), under which "[w]itnesses may not testify to opinions concerning ... legal conclusions." *See Walker v. Lawson*, 526 N.E.2d 968, 970 (Ind.1988) ("It is inappropriate for a court to entertain evidence concerning a witness's interpretation of the law."). Whether Schumm's vehicle complied with the DOT regulations would require Officer Groomes to draw a legal conclusion. *See Kelly v. Levandoski*, 825 N.E.2d 850, 864 (Ind.Ct.App.2005), *trans. denied* (witness's opinions as to whether a party failed to mitigate damages, had sued the proper party, and the impact of a contingency fee arrangement "would have required [the witness] to draw conclusions based on application of the relevant to law to the facts of the case, and as such they were legal conclusions"); *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1263–64 (Ind.Ct.App.2002), *trans. denied* (witness's opinion that a party owed a duty under OSHA and construction industry standards was an inadmissible legal conclusion); *McMahan v. Snap On Tool Corp.*, 478 N.E.2d 116, 122 (Ind.Ct.App.1985) (statement that the plaintiff's cause of action was not brought within the applicable statute of limitations was a legal conclusion).

We restate that Schumm waived the issue of whether the DOT regulations should have been admitted, as he did not seek to introduce the regulations themselves. Although he is correct that he sought to

---

**2.** The cover page of our library's copy of Indiana's jury instructions indicated that the copy was current through December 2006. However, the table of contents and several chapters, including chapter 17, had not been updated and did not include the instruction submitted by Schumm. We thank Schumm for bringing this matter to our attention.

admit Officer Groomes's opinion as to whether Schumm's vehicle was in compliance with the regulations, the trial court would have acted within its discretion in refusing to admit this opinion testimony.[3]

### III. Fort Wayne Police Department Standard Operating Procedures

 In our earlier opinion, we also stated that Schumm had waived his argument that the trial court improperly excluded evidence regarding the Fort Wayne Police Department's (FWPD) Standard Operating Procedures ("SOPs"). We restate that Schumm waived his argument as to whether the SOPs themselves were admissible, as he did not attempt to admit them at trial. In his offer to prove, Schumm did ask Officer Groomes questions regarding the SOPs. Schumm argues that the issue of whether Officer Groomes followed certain recommendations in the SOPs, particularly the recommendation that officers issue warnings for minor equipment violations is relevant to the amount of liability that a jury could impose if it finds that Schumm violated the statute. Schumm has failed to explain how the officer's compliance or non-compliance with the recommendations in the SOPs should affect his liability. As we explained in our earlier opinion, "traffic infractions do not involve 'damages' in the same sense as suits for tortious conduct.... [A] monetary judgment entered upon a finding of a violation of an infraction is the functional equivalent of a penal fine; the judgment serves to induce compliance with the statute." *Schumm*, 866 N.E.2d at 794. Whether Officer Groomes complied with the recommendation is irrelevant to the issue of damages, and the trial court would have acted within its discre-

tion in refusing to admit this testimony. However, as we stated in our opinion, "[t]he SOPs provided to us cover a variety of issues, some of which may be irrelevant to the issues or misleading to the jury; other issues covered by the SOPs may be relevant. As with all evidence, admissibility would depend on the context in which it is introduced." *Id.* at 796. Therefore, our opinion does not indicate that evidence regarding the SOPs is categorically inadmissible.

### *Conclusion*

Subject to the above clarifications, we affirm our earlier opinion.

BAKER, C.J., and DARDEN, J., concur.

---

3. We do not wish to suggest that Officer Groomes's testimony is categorically inadmissible, and hold only that the testimony is inadmissible for the purpose of demonstrating Schumm's compliance with the DOT regula-

tions. For example, had Schumm sought to introduce the testimony to explain some sort of relevant subsequent conduct, the testimony very well could have been admissible.