**Joseph D. FREEMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 89A05–0811–CR–662.

Court of Appeals of Indiana.

April 15, 2009.

Mark I. Cox, Richmond, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Joseph Freeman ("Freeman") was convicted in Wayne Superior Court of Class C felony operating a motor vehicle while

privileges are forfeited for life. Freeman appeals his conviction and argues that the trial court abused its discretion when it admitted the evidence seized as the result of an allegedly invalid traffic stop. Concluding that the evidence was properly admitted, we affirm.

### Facts and Procedural History

On March 21, 2008, Officer William Shake of the Richmond Police Department ("Officer Shake") was investigating complaints of foot and vehicular traffic to a residence on North 19th Street in Richmond, Indiana. At approximately 12:30 p.m., the officer observed a 1990 Monte Carlo with a dealer tag and heavily tinted windows parked near that residence. The officer followed the vehicle when it began to leave the area approximately ten to fifteen minutes later. The officer's goal "was to see if there would be a traffic violation or infraction for which I could stop the car so I could identify who the occupants were, and see if they had, in fact, visited the house." Suppression Hearing Tr. p. 6.

The vehicle stopped at a stoplight and at that time, Officer Shake observed that the left taillight was not operating. However, the right taillight and the light in the rear window were operating. The officer initiated a traffic stop after noting the malfunctioning taillight.

As Officer Shake walked toward the Monte Carlo, he saw the driver of the vehicle climb into the back seat. *Id.* at 10. The officer walked up to the front passenger side of the vehicle. When the front passenger (and vehicle owner) rolled down her window, Officer Shake observed Freeman in the back seat sitting behind the driver's seat and another female passenger in the right rear passenger seat. *Id.* at 11. After the officer ran a check on Freeman's driver's license and found that Freeman's

license had been forfeited for life, Freeman was arrested.

On March 28, 2008, the State charged Freeman with Class C felony operating a motor vehicle while privileges are forfeited for life. Prior to trial, Freeman filed a motion to suppress all evidence obtained from the traffic stop. At the hearing held on his motion, Freeman argued that there was no reasonable suspicion to initiate the traffic stop because two out of the three lights on the rear of the vehicle were functioning. The trial court denied Freeman's motion.

A jury trial commenced on September 17, 2008. Freeman raised the same objection to the admission of the evidence as raised in his motion to suppress, and his objection was overruled. Freeman was convicted as charged and ordered to serve seven years in the Department of Correction. Freeman now appeals.

### Discussion and Decision

 Freeman moved to suppress the evidence seized as a result of the traffic stop, and preserved his objection to the evidence at trial. Therefore, Freeman's sole argument on appeal is that the trial court abused its discretion when it admitted the evidence seized as a result of the traffic stop. A trial court has broad discretion in ruling on the admissibility of evidence. *Turner v. State,* 878 N.E.2d 286, 292 (Ind.Ct.App.2007), *trans. denied.* An abuse of discretion occurs if a decision is clearly against the logic and effect of the facts and circumstances before the court. *Kelley v. State,* 825 N.E.2d 420, 427 (Ind. Ct.App.2005). In reviewing the trial court's ultimate ruling on admissibility, we may consider the foundational evidence from the trial as well as evidence from the motion to suppress hearing that is not in direct conflict with the trial testimony. *Id.*

342

■ " 'It is well-settled that a police officer may briefly detain a person whom the officer believes has committed an infraction or an ordinance violation.' " *Datzek v. State*, 838 N.E.2d 1149, 1154 (Ind.Ct.App. 2005), *trans. denied* (quoting *Peete v. State*, 678 N.E.2d 415, 419 (Ind.Ct.App. 1997), *trans. denied* ).

Indiana Code section 9–19–6–4 provides that a motor vehicle "must be equipped with at least two (2) tail lamps mounted on the rear that, when lighted, complies with this section." The tail lamp must be "located at a height of not less than twenty (20) inches and not more than seventy-two (72) inches." Further, "[a] tail lamp or tail lamps, together with a separate lamp for illuminating the rear registration plate, must be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted." *Id.* A person who violates this section commits a Class C infraction.[1] *See* Ind.Code § 9–19–6–24(b).

■ In addition, we note that Indiana Code section 9–21–7–1 provides that a person may not drive a motor vehicle on a highway "unless the equipment upon the vehicle is in good working order and adjustment[.]" Violation of this chapter is also a Class C infraction. *See* Ind.Code § 9–21–7–13. "Implicit in [section 9–21–7–1] is a requirement that before operating a motor vehicle, one inspect his or her vehicle to ensure that its equipment, including taillights, works." *See Schumm v. State*, 866 N.E.2d 781, 795 (Ind.Ct.App.2007), *clarified on reh'g at* 868 N.E.2d 1202; *see also Peete*, 678 N.E.2d at 419 (citing I.C. §§ 9–21–7–1, 13) (The officer's stop of Peete's vehicle due to failure to keep the

license plate properly illuminated was valid.).

Freeman asserts that because the vehicle had two functioning taillights, i.e. the rear right taillight and the light mounted in the rear window, the vehicle was in compliance with section 9–19–6–4. Thus, he argues that the stop was invalid because Officer Shake had no reason to stop the vehicle. The trial court rejected this argument in its order denying Freeman's motion to suppress and stated:

While Defendant's argument is certainly creative, it does not take into account that I.C. 9–21–7–1 requires that a motor vehicle is not to be operated unless the equipment is in good working order and adjustment. A burned out tail lamp does not meet this simple requirement. As noted at I.C. 9–21–7–13, violation of section 1 is a Class C Infraction. Based upon Captain Shake's observation of this violation, he had a legitimate, albeit pretextual, reason to stop the Monte Carlo. His observations following the stop, were lawfully made.

Appellant's App. p. 24.

We agree with both of the trial court's observations about Freeman's argument in this case; it is creative but does not carry the day. First, section 9–19–6–4 provides that "tail lamps, ... must be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted." The left tail lamp of Freeman's vehicle was not operating. Only the right tail lamp and "light in the rear window" were working properly. The "light in the rear window" was obviously the vehicle's brake light, which would only be lighted when Freeman stepped on the brake. Moreover,

---

1. However, an exception exists if the person is operating a vehicle that "contains parts and accessories" and "is equipped[ ] as required under regulations of the United States Department of Transportation." Ind.Code § 9–19–6–24(a). We note that the Department of Transportation requires all passenger cars of less than eighty inches to have two taillamps, 2 stoplamps, and one "high-mounted" stoplamp. 49 C.F.R. § 571.108(2006).

Freeman's vehicle was not in good working order as required by section 9–21–7–1. For these reasons, we conclude that Officer Shake validly stopped Freeman's vehicle because the tail lamp was not illuminated.[2] Accordingly, the trial court did not abuse its discretion when it admitted the evidence seized as a result of the valid traffic stop.

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

**2.** Furthermore, we note the State's argument that it was not entirely unreasonable for Officer Shake to stop Freeman's vehicle if for no other reason than to inform him that his tail lamp was malfunctioning.