STATE of Indiana, Appellant–Plaintiff,

v.

James H. SITTS, Appellee–Defendant.

No. 02A03–1001–CR–34.

Court of Appeals of Indiana.

May 19, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Harold W. Myers, Wyss, Morgan & Myers, P. Stephen Miller, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

The State of Indiana appeals the trial court's grant of a motion to suppress filed by James Sitts. The State raises one issue, which we revise and restate as whether the trial court erred by granting Sitts's motion to suppress evidence obtained pursuant to a traffic stop of Sitts's car. We affirm.

The facts most favorable to the trial court's ruling follow. On June 4, 2008, Officer Dennis McCann of the Fort Wayne Police Department heard a dispatch that "a female was following a pick-up truck and it was northbound on Lima [Road] from Coliseum Boulevard," and Officer McCann subsequently went to that location by heading northbound on Lima Road. Transcript at 10. Officer McCann then saw a white pick-up truck driven by Sitts heading southbound on Lima Road. Lima Road was a four lane road, and the northbound and southbound lanes were separated by a grass-filled median. Officer McCann observed the pick-up truck "weave[ ] across the center line" of the southbound lanes once. *Id.* at 11. Officer McCann pulled Sitts over based upon "[t]he totality of the witness and my observing [Sitts] go across the center line." *Id.* at 15. During the stop, Officer McCann observed signs of intoxication.

Sitts was charged with Count I, operating while intoxicated as a class A misdemeanor;[1] and Count II, "driving left center" as an infraction.[2] Sitts filed a motion to suppress the evidence obtained pursuant to the traffic stop. The trial court granted Sitts's motion to suppress.

The sole issue on appeal is whether the trial court erred in granting Sitts's motion to suppress the evidence obtained pursuant to a traffic stop of Sitts's car. The State has the burden to demonstrate that the measures it used to seize information or evidence were constitutional. *State v. Holley,* 899 N.E.2d 31, 33 (Ind.Ct.App. 2008). *reh'g denied, trans. denied.* When the State appeals the trial court's grant of

---

1. Ind.Code § 9–30–5–2(b) (2004).

2. Ind.Code § 9–21–8–2(a) (2004).

the defendant's motion to suppress evidence, the State is appealing from a negative judgment. *Id.* Consequently, the State has the burden of demonstrating to us that the evidence is without conflict and that the evidence and all reasonable inferences therefrom lead to the conclusion opposite that reached by the trial court. *Id.* During our review, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

The State argues that the trial court erred in granting Sitts's motion to suppress because Officer McCann had reasonable suspicion to stop Sitts. "The Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution protect an individual's privacy and possessory interests by prohibiting unreasonable searches and seizures." *State v. Rager*, 883 N.E.2d 136, 139 (Ind.Ct.App.2008) (quoting *Howard v. State*, 862 N.E.2d 1208, 1210 (Ind.Ct.App. 2007)). These "safeguards extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *Id.* (quoting *Moultry v. State*, 808 N.E.2d 168, 170 (Ind.Ct.App.2004)).[3] The State has the burden of demonstrating that the measures it used to seize evidence were constitutional. *Id.*

"A police officer may stop a vehicle when he observes a minor traffic violation. A stop is lawful if there is an objectively justifiable reason for it, and the stop may be justified on less than probable cause." *Id.* (quoting *Ransom v. State*, 741

N.E.2d 419, 421 (Ind.Ct.App.2000) (citation omitted), *trans. denied* ).

It is the requirement of reasonable suspicion which strikes the balance between the government's legitimate interest in traffic safety and an individual's reasonable expectation of privacy. Reasonable suspicion entails some minimum level of objective evidentiary justification. Due weight must be given, not to the officer's inchoate and unparticularized suspicion or "hunch" but to the specific reasonable inferences which the officer is entitled to draw from the facts in light of his experience. A court sitting to determine the existence of reasonable suspicion must require the agent to articulate the factors leading to that conclusion.

*Id.* (quoting *Cash v. State*, 593 N.E.2d 1267, 1268–69 (Ind.Ct.App.1992) (citations omitted)).

Whether the officer's suspicion was reasonable is determined on a case-by-case basis by engaging in a fact-sensitive analysis of the totality of the circumstances. *State v. Belcher*, 725 N.E.2d 92, 94 (Ind.Ct. App.2000), *reh'g denied, trans. denied.* "Although a law enforcement officer's good faith belief that a person has committed a violation will justify a traffic stop, Ind. Code § 34–28–5–3, an officer's mistaken belief about what constitutes a violation does not amount to good faith. Such discretion is not constitutionally permissible." *Rager*, 883 N.E.2d at 139–140 (quoting *Ransom*, 741 N.E.2d at 422 (citing *Cash*, 593 N.E.2d at 1269)).

---

**3.** As acknowledged in *Rager, Moultry* was referring to the Fourth Amendment. "Under Article One, section eleven of the Indiana Constitution, the search and seizure analysis is slightly different than under the Fourth Amendment." *Scott v. State*, 775 N.E.2d 1207, 1211 (Ind.Ct.App.2002), *reh'g denied, trans. denied.* Both provisions, however, require an objectively justifiable reason for stopping a person's vehicle. *Rager*, 883 N.E.2d at 139 n. 3. Because we conclude that Officer McCann mistakenly believed that Sitts violated Ind.Code § 9–21–8–2(a) and therefore did not have an objectively justifiable reason for stopping Sitts's vehicle, we need not undertake a separate constitutional analysis here.

Here, Officer McCann pulled Sitts over based upon the fact that he saw Sitts "weave[ ] across the center line" of the southbound lanes of Lima Road one time in violation of Ind.Code § 9–21–8–2(a) and the dispatch regarding a pick-up truck.

First, in regard to Sitts weaving across the center line one time, Ind.Code § 9–21–8–2(a) states in pertinent part: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows: . . . (4) Upon a roadway designated and signposted for one-way traffic." As the State points out in its brief, Ind.Code § 9–21–8–2 "requires vehicles traveling down two-lane roads to remain on the right half of the road." Appellant's Brief at 3. The State argues that "[t]he trial court erred when it granted [Sitts's] Motion to Suppress because the officer was authorized to conduct a traffic stop when [Sitts] crossed over the center of the road and *into the opposite lane of travel.*" *Id.* (emphasis added). The State also argues that "[a]ny improper crossing, even a single one, can lead to devastation." *Id.* at 4.

■ Lima Road was a four-lane road comprised of two adjacent lanes travelling in the same direction, and the northbound and southbound lanes were separated by a grassy median. Sitts was travelling south-bound, and Sitts's act of crossing the center line between the adjacent southbound lane was not a violation of Ind.Code § 9–21–8–2(a). Sitts did not cross into the opposite lane of travel as the State asserts. Thus, we conclude that Officer McCann mistakenly believed that Sitts violated the statute.[4]

Second, Officer McCann testified that he pulled Sitts over in part due to information relayed by dispatch about "a pick-up truck [heading] northbound on Lima [Road] from Coliseum Boulevard." Transcript at 10. The record shows only that "a female was following a pick up truck." Appellant's Appendix at 36. As the trial court found in its order:

Officer McCann's reliance on the information from dispatch was unfounded. There was no vehicle description placed into evidence beyond that of a pick up truck and a general area of town. There was no indication as to who the caller was. When Officer McCann located a pick up truck, it wasn't traveling in the same direction as the information that he had previously received. There is no indication of criminal activity in the information provided to Officer McCann. The information was that a female was following a pick up truck. There is no allegation of criminal behavior in this information and no indicia of reliability

---

4. We observe that courts have determined that a defendant's swerving back and forth may be enough to find that an officer was justified in pulling a defendant over. *See, e.g., State v. Sagalovsky,* 836 N.E.2d 260, 262 (Ind. Ct.App.2005) (officer pulled defendant over after observing defendant's vehicle "swerving in between lanes and driving off the road."), *trans. denied; Ashba v. State,* 816 N.E.2d 862, 863 (Ind.Ct.App.2004) (officer pulled defendant over after observing that his vehicle "went from the center line back over to the fog line [and] [c]rossed the fog line," and then the vehicle "gradually built up speed until it was traveling at approximately 70 miles per hour, all the while weaving to the center line and back to the fog line.") (internal citation omitted). Here, however, Officer McCann observed Sitts cross the center line of two adjacent lanes, both of which were for southbound travel. Upon hearing this evidence, and after dismissing Officer McCann's reliance on the information from dispatch as "unfounded" because "[t]here was no vehicle description placed into evidence beyond that of a pick up truck and a general area of town," the trial court determined that Officer McCann's observing Sitts's "vehicle cross the center line just one time" was insufficient to justify pulling Sitts over. Appellant's Appendix at 35–36.

in the information received from the anonymous caller.

*Id.* The State does not argue that this finding of the trial court was error, and indeed we cannot conclude that all reasonable inferences would lead to the opposite conclusion. The trial court did not err in finding that the information Officer McCann received from dispatch and relied upon in pulling Sitts over was unfounded. *See Washington v. State,* 740 N.E.2d 1241, 1246 (Ind.Ct.App.2000) (holding that anonymous telephone tips, "absent any independent indicia of reliability or any officer-observed confirmation of the caller's prediction of the defendant's future behavior," is not enough to justify stopping a citizen in his vehicle), *trans. denied.*

For the foregoing reasons, we affirm the trial court's grant of Sitts's motion to suppress.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.