**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Mar 06 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY PARKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-706 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John S. Alt, Master Commissioner
Cause No. 49G14-1102-CM-010223

**March 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Larry Parks appeals his conviction for Class A misdemeanor driving while suspended. He contends that the trial court abused its discretion in admitting evidence obtained from a traffic stop because the officer did not have reasonable suspicion to initiate the stop. Finding that the officer had reasonable suspicion to stop Parks, the trial court did not abuse its discretion in admitting the evidence. We therefore affirm the trial court.

**Facts and Procedural History**

On February 14, 2011, Parks was driving southbound on Shadeland Avenue. Indianapolis Metropolitan Police Department Officer Kimberly Evans was on routine patrol when she noticed that Parks's rear license plate was hanging down at a ninety-degree angle from the ordinary horizontal position and was fastened by a single bolt or screw. She ran the license plate number through the computer in her patrol vehicle and was informed that the license plate had been reported as stolen. Officer Evans contacted IMPD dispatch, and they confirmed that the license plate had been reported as stolen. She followed Parks's vehicle for a short time until she was joined by backup and then initiated a traffic stop of the vehicle.

IMPD Officer Gregory Scott was Officer Evans's backup during the traffic stop. He also observed that the license plate was fastened by a single bolt or screw, but he reported that it was hanging down at a forty-five-degree angle from the ordinary horizontal position.

Officer Evans informed Parks why she had stopped him and asked for his driver's license. Officer Evans ran his license through dispatch and learned that Parks's driving privileges had been suspended. She then issued Parks a traffic citation for the improperly-displayed license plate and arrested him for driving while suspended. Since Parks had a previous judgment within the past ten years for driving while suspended, the State charged him with Class A misdemeanor driving while suspended. It was determined that the car belonged to Parks's sister and that the license plate was valid and not in fact stolen, so he was not charged with theft.

Parks filed a motion to suppress all evidence obtained from the traffic stop, arguing that the stop was illegal. The trial court denied the motion. Parks was found guilty of driving while suspended at a bench trial and was sentenced to two days in jail, with credit for one day, and a ninety-day license suspension.

Parks now appeals.

**Discussion and Decision**

Although Parks argues that there was insufficient evidence to support his conviction of driving while suspended, the issue is more appropriately framed as whether the trial court abused its discretion in admitting the evidence obtained from the traffic stop. A trial court has broad discretion in ruling on the admission or exclusion of evidence. *Kimbrough v. State*, 911 N.E.2d 621, 631 (Ind. Ct. App. 2009). The trial court's ruling on the admissibility of evidence will be disturbed on review only upon a showing of an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Id.* We do

3

not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), *trans. denied*.

Parks contends that the traffic stop was unlawful because the officer did not have reasonable suspicion to stop him. We disagree. It is well settled that a police officer may briefly detain a person whom he believes has committed an infraction or ordinance violation. *Goens v. State*, 943 N.E.2d 829, 832 (Ind. Ct. App. 2011) (quotation omitted). An officer's decision to stop a vehicle is valid so long as his or her on-the-spot evaluation reasonably suggests that lawbreaking occurred. *Gunn v. State*, 956 N.E.2d 136, 139 (Ind. Ct. App. 2011).

In this case, Officer Evans noticed that Parks's license plate was improperly displayed in violation of Indiana Code Section 9-18-2-26(b). Section 9-18-2-26(b) requires that a license plate be "securely fastened in a horizontal position." The license plate was fastened by only one screw or bolt and hanging at a ninety-degree angle from horizontal. When Officer Scott later saw the license plate, it was fastened in the same manner, but he described it as hanging at a forty-five-degree angle from horizontal. Taking this evidence in the light most favorable to the trial court's decision, the license plate was not horizontal, giving Officer Evans an objectively justifiable reason to conduct a traffic stop.

Before conducting the traffic stop, Officer Evans also ran Parks's license plate number through the computer in her patrol vehicle and was notified that the license plate had been reported as stolen. Officer Evans contacted IMPD, and they confirmed this

4

report. This provided an additional objectively justifiable reason to conduct the traffic stop.

After performing the lawful traffic stop, Officer Evans ran Parks's driver's license through dispatch, conduct that is within the scope of reasonable detention of a traffic stop. *See State v. Quirk*, 842 N.E.2d 334, 340 (Ind. 2006). It was then that she learned that his driving privileges had been suspended. This evidence was properly admitted at trial, as both the initial traffic stop and subsequent running of Parks's driver's license were legal. The trial court did not abuse its discretion in admitting evidence that Parks operated a motor vehicle while his driving privileges were suspended. We therefore affirm the trial court.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.