**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARYLYN K. L. ERNSBERGER**
Stout Law Group, P.C.
Angola, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LLOY J. BALL,                               )
                                            )
    Appellant-Defendant,                    )
                                            )
        vs.                             )    No. 76A03-1312-CR-00501
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                     )

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
The Honorable Randy Coffey, Magistrate
Cause No. 76C01-1106-CM-468

**June 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Lloy J. Ball appeals his conviction for operating a vehicle while intoxicated in a manner that endangers a person as a class A misdemeanor. Ball raises one issue which we revise and restate as whether the trial court abused its discretion when it admitted evidence gathered from Ball's traffic stop. We affirm.

FACTS AND PROCEDURAL HISTORY

The facts most favorable to the conviction follow. On June 4, 2011, Indiana State Police Trooper Christopher Kinsey was on duty traveling on State Road 727 in Steuben County, Indiana. Road signs posted on State Road 727 indicated that the speed limit was forty miles per hour. Trooper Kinsey observed a vehicle that appeared to be driving faster than the speed limit. He activated his radar and obtained a reading that the vehicle was traveling at a speed of forty-nine miles per hour.

Trooper Kinsey turned around, and as he approached he saw the vehicle drive left of center so that only the tires on the passenger's side of the vehicle remained on the right side of the road. He immediately activated his lights and pulled the vehicle over. He approached the vehicle, found that Ball was the driver, and smelled alcohol on his breath. Ball's eyes were glassy and bloodshot. He told Trooper Kinsey that he drank two beers before driving and swerved into the other lane when his wife handed him a piece of chewing gum. Trooper Kinsey asked him to step outside the vehicle, he stumbled slightly as he exited the car, and he failed a standard field sobriety test.

Trooper Kinsey placed Ball under arrest and transported him to the Steuben County Jail in order to perform additional tests for intoxication. At the jail, Trooper Kinsey

2

instructed Ball to perform three more field sobriety tests, all of which he failed. Ball also submitted to a chemical breath test, and his blood-alcohol content was shown to be 0.13 grams of alcohol per 210 liters of breath.

On June 6, 2011, the State charged Ball with Count I, operating a vehicle while intoxicated in a manner that endangers a person as a class A misdemeanor; and Count II, operating a vehicle with at least .08 gram alcohol content as a class C misdemeanor. On May 23, 2012, Ball filed a motion to suppress evidence gathered from the traffic stop, contending that there was no legal basis for the stop. He argued that the evidence should not be admitted because a public records request revealed that the Indiana Department of Transportation ("INDOT") did not have a speed resolution for State Road 727 in Steuben County to reduce the speed limit to forty miles per hour. On August 2, 2012, the court held a hearing, and the next day it denied Ball's motion to suppress. The court subsequently overruled his objection on the same ground at Ball's bench trial, on October 2, 2013. The court found Ball guilty of Count I and dismissed Count II. On November 22, 2013, the court held a sentencing hearing and sentenced Ball to 365 days suspended to probation.

## DISCUSSION

The issue is whether the trial court abused its discretion when it admitted evidence gathered from Ball's traffic stop. The admission and exclusion of evidence falls within the sound discretion of the trial court, and we review the admission of evidence only for an abuse of discretion. Wilson v. State, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and

circumstances." Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001). Although Ball originally challenged the admission of the evidence through a motion to suppress, he now challenges the admission of the evidence at trial. Thus, the issue is appropriately framed as whether the trial court abused its discretion by admitting the evidence. See Jefferson v. State, 891 N.E.2d 77, 80 (Ind. Ct. App. 2008), trans. denied; Lundquist v. State, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005).

Ball challenges the investigatory stop as violating his constitutional rights under the Fourth Amendment,[1] arguing specifically that since INDOT did not issue a speed resolution for the speed limit on State Road 727, the speed limit sign was posted in violation of Ind. Code § 9-21-5-12, because no engineering study or traffic investigation had been performed on the highway. He argues that pursuant to Section 12, INDOT exclusively determines whether to change the speed limit on a state highway by basing the findings on an engineering study and traffic investigation, and in this case INDOT did not have a speed resolution for this road to reduce the posted speed limit to forty miles per hour. He asserts that the maximum speed should be fifty-five miles per hour unless the requirements of Section 12 are met, and that since he was traveling at forty-nine miles per hour, he was not violating the law.

The State contends that Ball's traffic stop was not initiated in violation of the Fourth

---

[1] In his brief, Ball mentions both the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution. However, he fails to provide an independent analysis of Article 1, Section 11 of the Indiana Constitution. Failure to make a cogent argument constitutes waiver of the issue on appeal. See Jackson v. State, 996 N.E.2d 378, 383 n.3 (Ind. Ct. App. 2013) (citing Abel v. State, 773 N.E.2d 276, 278 n.1 (Ind. 2002) (concluding state constitutional claim waived where defendant presented no authority or independent analysis

4

Amendment to the United States Constitution and thus that the evidence collected as a result of the stop was properly admitted at trial. The State maintains that Trooper Kinsey witnessed Ball drive faster than the posted speed limit and drive left of center, which were two traffic violations that each independently provided reasonable suspicion to stop Ball's vehicle.

The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures. Combs v. State, 878 N.E.2d 1285, 1288 (Ind. Ct. App. 2008). Because a traffic stop is a seizure under the Fourth Amendment, police may not initiate a stop for any conceivable reason, but must possess at least reasonable suspicion that a traffic law has been violated or that other criminal activity is taking place. Potter v. State, 912 N.E.2d 905, 907-908 (Ind. Ct. App. 2009). "It is well settled that a police officer may stop a car when he observes a minor traffic violation." Goens v. State, 943 N.E.2d 829, 832 (Ind. Ct. App. 2011); see also Sanders v. State, 989 N.E.2d 332, 335 (Ind. 2013), reh'g denied. "An officer's decision to stop a vehicle is valid so long as his on-the-spot evaluation reasonably suggests that lawbreaking occurred." Meredith v. State, 906 N.E.2d 867, 870 (Ind. 2009). Whether the officer's suspicion was reasonable is determined on a case-by-case basis by engaging in a fact-sensitive analysis of the totality of the circumstances. Sitts v. State, 926 N.E.2d 1118, 1120 (Ind. Ct. App. 2010). An officer's good-faith belief that a person has committed a traffic violation will justify a traffic stop. Id. But "an officer's mistaken belief about what constitutes a violation does not amount to good faith. Such discretion is not constitutionally permissible." Id. (quotation omitted). The determination of

supporting separate standard under state constitution); West v. State, 755 N.E.2d 173, 181 (Ind. 2001); Ind.

5

reasonable suspicion requires *de novo* review on appeal.  Goens, 943 N.E.2d at 832.

Ind. Code § 34-28-5-3 authorizes law enforcement to detain an individual for a limited time if the officer "believes in good faith that a person has committed an infraction or ordinance violation."  Ball suggests that Trooper Kinsey did not have a good faith belief that he had committed a speeding violation because the speed limit sign that was posted was in violation of Ind. Code § 9-21-5-12, which provides INDOT the authority to conduct traffic investigations and change highway speed limits.  We disagree, as Trooper Kinsey had an objectively justifiable basis for making the initial traffic stop because he had a good faith reason to believe that two traffic laws had been violated when he observed Ball: (1) driving forty-nine miles per hour when the posted sign stated that the speed limit was forty miles per hour; and (2) driving left of center.

In Ransom v. State, 741 N.E.2d 419 (Ind. Ct. App. 2000), trans. denied, an individual was driving along a narrow street when he encountered an approaching police vehicle.  Recognizing that both vehicles could not pass simultaneously, the driver put his vehicle in reverse and backed around the corner.  741 N.E.2d at 420.  The officer stopped the driver's vehicle for "operating in reverse," and subsequently discovered a handgun.  Id. at 420-421.  The court found that "operating in reverse" was not an infraction existing at law and that the driver's behavior was not in violation of the reckless driving statute or any other state law.  Id. at 422.  Thus, the court held that the officer "did not have an objectively justifiable reason for stopping" the driver and the traffic stop was not lawful.  Id.

---

Appellate Rule 46(A)(8)), trans. denied.

Here, by contrast, the infractions for which Ball's vehicle was stopped do in fact exist at law, the traffic stop was based upon a reasonable, good faith belief that a statutory infraction had occurred, and thus we are unable to say that the traffic stop was not lawful. See Sanders, 989 N.E.2d at 336 (distinguishing Ransom and holding that the apparent infraction for which the defendant's vehicle was initially stopped does in fact exist at law). Trooper Kinsey testified on multiple occasions that he did not turn his lights on to pull over Ball until he began driving left of center. According to Ind. Code § 9-21-8-2(a), upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway. The evidence shows that Ball was driving left of center, and therefore he was not driving on the right half of the road, which Section 2(a) requires. Driving left of center alone was sufficient to justify Trooper Kinsey's good faith belief that Ball had committed a traffic infraction in order to initiate the stop. Additionally, Ball was traveling faster than the posted speed limit. To the extent he suggests that the stop was in violation of Ind. Code § 9-21-5-12 because INDOT had not conducted a traffic investigation based thereon, we note that even if the posted speed of forty miles per hour violated Section 12, Trooper Kinsey still had a reasonable, good faith belief that Ball was committing a violation by driving forty-nine miles per hour in an area where the posted speed limit was forty miles per hour.[2] While it would be unreasonable if Trooper Kinsey pulled Ball over believing certain conduct was against the law when it is not, that is not the case before us. Exceeding the speed limit is against the law.

---

[2] We observe that Ind. Code § 9-21-5-12 is not the exclusive means by which speed limits on state highways may be lowered. Ind. Code § 9-21-5-3 provides that "[t]he maximum speed limits set forth in

Ind. Code §§ 9-21-5.  Thus, even if the speed limit as posted was erroneous, Trooper Kinsey was justified in making the traffic stop in reliance on the posted forty miles per hour sign and having observed Ball drive left of center.  Under the totality of the circumstances, we conclude that the traffic stop was reasonable and cannot say that the trial court abused its discretion in admitting the evidence obtained after the stop.

## CONCLUSION

For the foregoing reasons, we affirm Ball's conviction for operating a vehicle while intoxicated in a manner that endangers a person as a class A misdemeanor.

Affirmed.

VAIDIK, C.J., and NAJAM, J., concur.

---

section 2 of this chapter may be altered as follows: (1) By local jurisdictions under section 6 of this chapter. (2) By the Indiana department of transportation under section 12 of this chapter. . . ."