# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2019, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Demariyon Wooden,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 18, 2019

Court of Appeals Case No.
18A-CR-1183

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

Trial Court Cause No.
49G15-1708-F6-31470

**Pyle, Judge.**

# Statement of the Case

[1] Demariyon Wooden ("Wooden") appeals his conviction, following a jury trial, for Level 6 felony auto theft.[1] He argues that the trial court erred in rejecting his challenge, commonly known as a *Batson* challenge, that the State's peremptory strike of a potential juror was improperly based on the juror's race. Finding no error, we affirm.

[2] We affirm.

# Issue

Whether the trial court erred when it overruled Wooden's *Batson* challenge to the State's peremptory strike of a potential juror.

# Facts

[3] On August 25, 2017, the State charged Wooden with one count of Level 6 felony auto theft, and he proceeded to a jury trial. On the day of trial, Prospective Juror #2 was the only African-American in the jury venire. During voir dire, the State had the following exchange with the prospective juror:

> [STATE]: Prospective Juror #2, how are you doing today sir?
> PROSPECTIVE JUROR #2: I'm all right.
> [STATE]: On your questionnaire I noted that you said that you didn't feel like you could be fair and impartial in some cases. Is that true?

---

[1] IND. CODE § 35-42-4-2.5.

PROSPECTIVE JUROR #2: Yes.

[STATE]: What type of cases did you kind of mean or –

PROSPECTIVE JUROR #2: I don't know. I really don't have a specific –

[STATE]: Okay. So, you don't know the specific.

PROSPECTIVE JUROR #2: No.

[STATE]: So, do you still feel like you can't be fair and impartial here today?

PROSPECTIVE JUROR #2: I could be.

[STATE]: You could be?

PROSPECTIVE JUROR #2: Yeah.

(Tr. 61).

[4] Thereafter, the trial court announced that the jury had been selected. The jury did not include Prospective Juror #2. The court then attempted to release those not selected, but Wooden objected. The trial court held a bench conference to discuss his objection. The following discussion occurred between the trial court and the parties:

> [WOODEN'S COUNSEL]: *Batson v. Kentucky*. Argument on Prospective Juror #2.
>
> THE COURT: Yes.
>
> [WOODEN'S COUNSEL]: Prospective Juror #2 completely (inaudible). Per my observation, there's 14 people in the box, 12 appear to be white, number 8 is Hispanic, number 2 is a black male. There was nothing that wasn't completely neutral. He said . . . quote I could be fair, and I think the only reason for him being struck, per *Batson*, would be his race and I think it's his right to be on the jury as well as my client's right to a fair jury.
>
> THE COURT: Thank you. Is there a race neutral (inaudible)?

[STATE]: Yes Judge, my rational was I had asked him questions about being fair and impartial. He had noted on his juror questionnaire (inaudible) asked. He said he had concerns about the type of trial. I asked again if he could and he said maybe, or he could. I felt the ambivalence or equivocation was a concern, and so for that reason we struck him.

THE COURT: All right.

[WOODEN'S COUNSEL]: But that sounds like a reason to strike someone for cause, and the State didn't bring that up on cause. Also, I don't think he (inaudible) I think he pretty much confirmed without much (inaudible) that he could be fair.

THE COURT: Okay. All right, my notes on Juror #2, I've got could be – in quotes he could be very impartial, but I did note that there was a slight hesitation and I never – I didn't – I guess I wasn't clear as to the type of case he could be fair and impartial on. So, I felt as though there was some ambiguity on that. So, I am going to deny your challenge.

(Tr. 83-84).

The jury found Wooden guilty as charged. The trial court sentenced him to two (2) years, with 386 days executed and 344 days suspended. Wooden now appeals.

# Decision

Wooden contends that the trial court erred by denying his challenge alleging that the State had improperly exercised its peremptory challenge to strike an African-American juror from the potential jury pool in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). The State responds that the prosecutor's reasons for the peremptory strike were race-neutral and did not contravene *Batson*.

Our Indiana Supreme Court has set forth the following explanation of and standard of review for a *Batson* challenge:

> Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure. The exclusion of even a sole prospective juror based on race, ethnicity, or gender violates the Fourteenth Amendment's Equal Protection Clause.
>
> Pursuant to *Batson* and its progeny, a trial court must engage in a three-step process in evaluating a claim that a peremptory challenge was based on race. First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination. A step two explanation is considered race-neutral if, on its face, it is based on something other than race. Although the burden of persuasion on a *Batson* challenge rests with the party opposing the strike, the third step—determination of discrimination—is the "duty" of the trial judge. The trial court evaluates the persuasiveness of the step two justification at the third step. It is then that implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. Also, at the third stage, the defendant may offer additional evidence to demonstrate that the proffered justification was pretextual.
>
> Upon appellate review, a trial court's decision concerning whether a peremptory challenge is discriminatory is given great deference, and will be set aside only if found to be clearly erroneous.

*Cartwright v. State*, 962 N.E.2d 1217, 1220-21 (Ind. 2012) (internal citation and quotation marks omitted).

[8] Here, Wooden challenges his conviction solely on the basis of the trial court's overruling of his *Batson* challenge to the State's peremptory strike of an African-American venireperson. Specifically, Wooden argues that the "State failed to present a sufficient race-neutral justification for the strike" of Prospective Juror #2. (Wooden's Br. 7).

[9] During jury selection, the State used its peremptory challenge to strike Prospective Juror #2. By pointing out that the State struck the sole African-American juror, Wooden put forth prima facie evidence of racial discrimination. *Schumm v. State*, 866 N.E.2d 781, 788-91 (Ind. Ct. App. 2007), *opinion corrected on reh'g*, 868 N.E.2d 1202 (Ind. Ct. App. 2007) (holding that the removal of the only prospective African-American juror by a peremptory challenge raised an inference of discrimination).

[10] After Wooden established a prima facie case of racial discrimination, the trial court asked the State to put forth a race-neutral reason for excluding the juror. The State explained, that based on the prospective juror's questionnaire and voir dire answers, it "felt the ambivalence or equivocation was a concern, and so for that reason we struck him." (Tr. 84). The prospective juror's equivocal answers were sufficiently race-neutral to allow for the peremptory challenge of the only African-American on the venire. *See Highler v. State*, 854 N.E.2d 823, 827-28 (Ind. 2006) (declaring that prosecutor's explanation that statements a juror had made in his questionnaire and during voir dire raised questions about juror's ability "to be fair and impartial to the State" was facially race-neutral).

After the State provided its reasoning for using the peremptory challenge, the trial court overruled Wooden's objection and stated: "[w]hat I heard was a race neutral explanation . . . [.]" (Tr. 84). The trial court's conclusion that the State's reasons were not pretextual is essentially a finding of fact that turns substantially on credibility. It is therefore accorded great deference. *Batson*, 476 U.S. at 98 n. 21. Accordingly, we conclude that the trial court's rejection of Wooden's *Batson* claim was not clearly erroneous.

Affirmed.

Najam, J., and Crone, J., concur.