**Gary JETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9811–CR–549.

Court of Appeals of Indiana.

Sept. 14, 1999.

David R. Hennessy, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Gary Jett appeals his conviction for possession of marijuana,[1] a Class A misdemeanor. Jett raises three issues on appeal, one of which is dispositive: whether evidence obtained by police during a patdown search should have been suppressed as the result of an unlawful search.

We reverse.

On May 10, 1998, a police officer stopped Jett's vehicle for speeding and improper passing. After the officer stopped Jett, Jett immediately exited his vehicle. The officer then exited his patrol car and ordered Jett back into his vehicle. Jett complied with the officer's order and immediately got back inside his vehicle.

The officer approached Jett's vehicle and advised Jett why he had been stopped. The officer then asked Jett to exit the vehicle and performed a patdown search for officer safety. While performing the patdown search, the officer felt something hard that he thought could have been a weapon. When the officer looked inside Jett's pocket, he observed a cigarette package with a plastic bag sticking out of it. The officer removed the cigarette package from Jett's pocket and observed that the bag contained a leafy substance, which was later identified as marijuana. The officer arrested Jett for possession of marijuana. In a subsequent search of Jett's person and his vehicle incident to his arrest, police discovered two additional quantities of marijuana.

■ Jett contends the trial court erred in refusing to suppress the evidence

obtained as a result of the searches of his person and vehicle. Specifically, Jett argues that the officer's patdown search was not supported by an objectively reasonable fear for the officer's safety. Under the doctrine initiated in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer may not "frisk" an individual stopped for a traffic violation unless the officer holds a reasonable belief that the particular individual is armed and dangerous. *State v. Pease,* 531 N.E.2d 1207, 1211 (Ind.Ct.App.1988). The patdown search is reasonable if the facts are such that a reasonably prudent person in the same circumstances would be warranted in believing that the officer was in danger. *Banks v. State,* 681 N.E.2d 235, 237 (Ind. Ct.App.1997). In determining whether the officer acted reasonably under the circumstances, we consider the specific, reasonable inferences that the officer is entitled to draw from the facts in light of his experience. *Id.* at 237–38.

■ The State argues that the officer's patdown search of Jett was reasonable because Jett exited his vehicle immediately after the officer pulled him over, which was unusual and could be seen as a sign of hostility toward the officer. Although, in some cases, a patdown search may be justified when an individual exits his car before being approached by an officer, we conclude that the patdown search in the instant case was unreasonable.

The officer testified that, although exiting a vehicle before the officer approaches does not necessarily mean that the individual is dangerous, "generally, it can be seen as a sign of hostility.... That individual can get out of the car and rush an officer sitting in his car and we are trained for that at the firearms range." Record, 42. We accept the officer's interpretation of Jett's action as a possible sign of hostility. However, the officer testified that Jett did not attempt to rush him and, in fact, Jett immediately complied with the officer's or-

---

1. Ind.Code § 35–48–4–11 (1993).

der to get back inside his vehicle. After reentering his vehicle, Jett made no furtive or threatening movements and remained inside his vehicle until the officer ordered him out in order to perform the patdown search. Thus, any fear for his safety that the officer may have felt based on Jett's initial exit of his vehicle was alleviated by Jett's subsequent behavior. In fact, the officer testified that "there was nothing indicating that [Jett] was armed, it just ... the ... for officer's safety anyone and everyone can be armed." Record, 41. This type of generalized suspicion does not authorize a patdown search.[2] We conclude that a reasonable person in the officer's circumstances would not have reasonable suspicion to believe that Jett was armed and dangerous. Thus, the officer's patdown search of Jett was unreasonable, and the marijuana found in the cigarette package as a result of that search should have been suppressed.

█ In addition, if an otherwise legitimate search occurs only because of the discovery of drugs during an illegal search and seizure, any evidence discovered in the subsequent search must also be suppressed as fruit of the poisonous tree. *Dolliver v. State,* 598 N.E.2d 525, 529 (Ind. 1992). Thus, the additional evidence recovered in the searches incident to Jett's arrest should also have been suppressed. Jett's conviction, based on evidence obtained through an unlawful search, cannot stand.

Reversed.

NAJAM, J., and RUCKER, J., concur.

---

**2.** In *Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 488, 142 L.Ed.2d 492 (1998), a case factually similar to the instant case, the U.S. Supreme Court reiterated the standard set forth in *Terry* requiring an officer to have "reasonable suspicion that an occupant is dangerous" before a patdown search may be performed during a routine traffic stop.