# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**TRENT THOMPSON**
Salem, Indiana



FILED
Apr 19 2013, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| Appellant-Plaintiff, | ) | |
| vs. | ) | No. 59A01-1210-CR-471 |
| DOUGLAS E. SHIPMAN, | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ORANGE CIRCUIT COURT
The Honorable K. Lynn Lopp, Special Judge
Cause No. 59C01-1006-FD-67

**April 19, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

The Orange Circuit Court granted a motion to suppress filed by Douglas E. Shipman ("Shipman"), resulting in suppression of the evidence seized during the execution of a search warrant of Shipman's home. The State of Indiana appeals and presents three issues, which we renumber and restate as: (1) whether the trial court erred in concluding that the search warrant was not supported by probable cause, and (2) whether the trial court erred in concluding that the good faith exception to the exclusionary rule did not apply. Concluding that the search warrant was supported by probable cause, we reverse and remand.

## Facts and Procedural History

On June 24, 2010, seventeen-year-old K.G. was in police custody on suspicion of burglary. While in custody, K.G. admitted to the police that he had participated in two burglaries. K.G. was already awaiting sentencing in another case at the time of his admissions. In an attempt to curry favor with the police and obtain leniency, K.G. told the police that he knew that Shipman had large quantities of marijuana in his house.

Upon receiving this information, Indiana State Police Trooper Shane Staggs ("Trooper Staggs") was contacted to further question K.G. Trooper Staggs informed K.G. that there could be no promises of lenience, but K.G. still informed him that he was friends with Shipman's two sons and went to Shipman's home on a daily basis. K.G. stated that he had seen marijuana inside Shipman's home every time he had been there except once, and even then he could smell marijuana. K.G. admitted to smoking marijuana daily, and stated that he and Shipman's sons had stolen marijuana from Shipman's safe. Other times, K.G. had taken marijuana but left cash on a counter in

2

exchange. K.G. told Trooper Staggs that he had been at Shipman's home at approximately 3:00 p.m. on June 22, 2010, just two days prior. When he was there, K.G. saw four one-pound bricks of marijuana compressed in plastic packaging.

Based on this information, Trooper Staggs prepared a probable cause affidavit requesting a warrant to search Shipman's home for marijuana. Judge R. Michael Cloud of the Orange Superior Court determined that the warrant request was supported by adequate probable cause and issued the warrant. After the warrant was executed, the State charged Shipman with Class D felony dealing in marijuana and Class D felony maintaining a common nuisance.

On June 6, 2011, Shipman filed a pre-trial motion to suppress the evidence obtained during the execution of the search warrant, claiming that the warrant was not adequately supported by probable cause. Following a hearing held on May 7, 2012, the trial court agreed and entered an order granting Shipman's motion to suppress on June 20, 2012. The State filed a motion to correct error on July 20, 2012. On July 27, 2012, the trial court scheduled a hearing on the State's motion to correct error. A hearing on the State's motion to correct error was held on September 11, 2012. On September 21, 2012, the trial court entered an order denying the State's motion. The State now appeals.[1]

---

[1] The State's appeal is authorized by statute. See State v. Holtsclaw, 977 N.E.2d 348, 349 (Ind. 2012) (citing Ind. Code § 35-38-4-2). The fact that the State appeals following the denial of its motion to correct error is immaterial. See id. at 350.

## I. Validity of the Search Warrant

The State first argues that the warrant authorizing the police to search Shipman's home was properly supported by probable cause and that the trial court therefore erred in suppressing the evidence seized during the execution of the warrant.

A. *Standard of Review*

Generally we review a trial court's decision to grant a motion to suppress as a matter of sufficiency. State v. McCaa, 963 N.E.2d 24, 29 (Ind. Ct. App. 2012), trans. denied. On appeal, we will neither reweigh evidence nor judge witness credibility. Id. Our role is to determine whether the record discloses substantial evidence of probative value that supports the trial court's decision. State v. Washington, 898 N.E.2d 1200, 1203 (Ind. 2008). The State appeals from a negative judgment and must show that the trial court's ruling on the suppression motion was contrary to law. Id.

Here, the question is whether the search warrant was supported by probable cause. Both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution require probable cause for the issuance of a search warrant. Casady v. State, 934 N.E.2d 1181, 1188 (Ind. Ct. App. 2010), trans. denied. As we have explained before, "probable cause" is a fluid concept incapable of precise definition and must be decided based on the facts of each case. Id. In deciding whether to issue a search warrant, the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place. Id. at 1188-89.

The duty of a reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. State v. Spillers, 847 N.E.2d 949, 953 (Ind. 2006). In this sense, a "reviewing court" includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision. Id. A "substantial basis" requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. Id. We review the trial court's substantial basis determination *de novo*, but we nonetheless afford significant deference to the magistrate's determination as we focus on whether reasonable inferences drawn from the totality of the evidence support that determination. Id. We consider only the evidence presented to the issuing magistrate, not after-the-fact justifications for the search. Casady, 934 N.E.2d at 1189. In determining whether an affidavit provided probable cause for the issuance of a search warrant, doubtful cases should be resolved in favor of upholding the warrant. Id.

B. *Evidence Providing Probable Cause*

The Fourth Amendment to the federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article I, Section 11 of the Indiana Constitution contains nearly identical language: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall

5

not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

These principles are codified in Indiana Code section 35-33-5-2, which sets forth the information to be contained in an affidavit for a search warrant. If a warrant is sought based on hearsay information, the affidavit must either: (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or (2) contain information that establishes that the totality of the circumstances corroborates the hearsay. Spillers, 847 N.E.2d at 953-54 (citing Ind. Code § 35-33-5-2(b)(1), (2)).

The trustworthiness of hearsay for the purpose of establishing probable cause can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activity by the suspect that is not ordinarily easily predicted. Id. at 954. These examples are not exclusive, and, depending on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay. Id. One such additional consideration is whether the informant has made declarations against penal interest. Id. Indeed, our supreme court has held that "[d]eclarations against penal interest can furnish sufficient basis for establishing the credibility of an informant within the meaning of Ind. Code § 35-33-5-2(b)(1)." Spillers, 847 N.E.2d at 954 (quoting Houser v. State, 678 N.E.2d 95, 100 (Ind. 1997)).

6

In Spillers, our supreme court explained, however, that not all statements admitting to criminal conduct are sufficient to establish probable cause. In that case, the informant was caught "red-handed" with illicit drugs in his possession. 847 N.E.2d at 956. After he was caught, the informant gave the police information that Spillers was his supplier. The State argued that the informant had admitted the additional crime of possession of cocaine by naming his source and that the informant's statement was thus against his penal interest and reliable. The Spillers court disagreed, and held that although the informant admitted committing additional crimes of possession, "his tip was less a statement against his penal interest than an obvious attempt to curry favor with the police." Id. That is, because the informant had already been caught with cocaine in his possession, his statement to the police did not subject him to any real additional criminal liability. Id. at 957.

Shipman claims that Spillers stands for the proposition that a statement cannot be truly against the declarant's penal interest unless it exposes the declarant to criminal liability greater than that which he is already facing. Thus, since K.G. was already facing charges of burglary, Shipman claims that his statements regarding stealing and possessing marijuana at Shipman's home were merely attempts to curry favor with the police, not truly statements against K.G.'s penal interests.

We think, however, that the facts of the present case are distinguishable from those present in Spillers. Here, K.G. was arrested for burglary. His statements with regard to the marijuana present at Shipman's home had nothing to do with the crime for which the police already had evidence. K.G.'s statements regarding his marijuana usage

7

exposed him to new, uncharged, and completely unrelated criminal liability. In the words of the Spillers court, K.G.'s statements "admitted committing criminal offenses under circumstances in which the crimes otherwise would likely have gone undetected." Id. at 956. Although the crime for which he was being held—burglary—was more serious than the criminal conduct he admitted to—theft and possession of marijuana—K.G. volunteered information incriminating himself in crimes that were unrelated to the offense for which he had already been arrested. See id. at 955 (noting that courts have determined that statements were against the declarant's penal interest where an arrestee gave police damaging information concerning a third party but that, in most instances, the informant "either volunteered inculpatory information after being arrested for a minor offense *or for an offense only indirectly related to the information given to police*[.]" (emphasis added).

This is in direct contrast to the situation in Spillers where the informant was caught "red-handed" with drugs in his possession before he named the defendant as his supplier, and his decision to reveal his source did not subject him to any real additional criminal liability. Here, K.G.'s statement's exposed him to additional criminal charges that were wholly unrelated to the burglary charges for which he had already been arrested.

Under these facts and circumstances, we cannot say as a matter of law that K.G.'s statements were *not* against his penal interest. His statements, if credited, were sufficient to allow the issuing magistrate to make a practical, commonsense decision that there was a fair probability that evidence of dealing in and possession of marijuana would be found

8

in Shipman's home.[2]  The trial court, as a reviewing court, abused its discretion in overruling this determination.

## II.  Good Faith Exception

Furthermore, even if the trial court was correct in deciding that the issuing magistrate was incorrect in concluding that there was sufficient probable cause to support issuing the search warrant, the proper remedy should not have been to suppress the evidence seized during the execution of the warrant.  Indeed, in Spillers, our supreme court noted that:

> The lack of probable cause does not automatically require the suppression of evidence obtained during a search.  The Supreme Court of the United States held in United States v. Leon, 468 U.S. 897 (1984), that the exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith.  Leon cautioned however that the good faith exception is not available in some situations, including where (1) the magistrate is "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," or (2) the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  Id. at 923 (citation omitted).  The good faith exception to the warrant requirement has been codified by Indiana Code section 35-37-4-5.

---

[2]  Citing Newby v. State, 701 N.E.2d 593, 600 (Ind. Ct. App. 1998), Shipman claims that an informant's statement must be independently corroborated even if it is against the declarant's penal interest.  But in Newby, the court had already determined that the informant had not made a statement against his penal interest.  Id.  It then continued to note that, even if the statement had been against the informant's penal interest, the content of the statement had not been independently corroborated, which was in contrast to other cases where a statement against penal interest had been used to establish the informant's credibility.  See id.  Thus, the portion of Newby cited by Shipman is dicta.  More importantly, our supreme court noted in Spillers that "'[d]eclarations against penal interest can furnish sufficient basis for establishing the credibility of an informant'" sufficient to establish probable cause, without listing any requirement of independent corroboration.  See Spillers, 847 N.E.2d at 954 (quoting Houser, 678 N.E.2d at 100).  To the contrary, the Spillers court noted that "'[a]dmissions of crime . . . carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search.'"  Id. at 956 (quoting United States v. Harris, 403 U.S. 573, 583 (1971)).

847 N.E.2d at 957. Here, as in <u>Spillers</u>, there is no suggestion that the issuing magistrate was misled by false information.

With regard to the second exception to the good-faith rule, the warrant issued here was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. To the contrary, the facts of this case at worst present a close call. Even if the trial court was correct that, under <u>Spillers</u>, K.G.'s statements were not truly against his penal interest, this is not a case where the officers could not reasonably rely on the decision of the issuing magistrate. Although officers are required to have "a reasonable knowledge of what the law prohibits," this does not mean that they are "required to engage in extensive legal research and analysis before obtaining search warrants." <u>Id</u>. at 958 (quoting <u>Hensley v. State</u>, 778 N.E.2d 484, 489 (Ind. Ct. App. 2002)). As did our supreme court in <u>Spillers</u>, we conclude that the officers in this case relied upon the search warrant in objective good faith. <u>See id</u>. (concluding that the officers relied on the warrant in good faith despite concluding that declarant's statements were not truly against his penal interest and therefore did not support a finding of probable cause to support issuing the search warrant).

**Conclusion**

The trial court erred in granting Shipman's motion to suppress the evidence seized during the execution of the search warrant issued based upon K.G.'s statement to the police. K.G.'s statements were contrary to his penal interest and therefore sufficiently reliable to support a finding of probable cause to issue the search warrant. Even if K.G.'s statements were not contrary to his penal interest, however, the officers could have relied

10

on the warrant in objective good faith, and there was no reason to suppress the evidence pursuant to the exclusionary rule.  We therefore reverse the order of the trial court granting Shipman's motion to suppress and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, J., and MAY, J., concur.