RUCKER, J.,
dissenting.
In my view the State has failed to establish Cunningham’s purported consent to the pat-down was constitutionally valid. Therefore I respectfully dissent.
The Fourth Amendment requires officers to have more than an “inchoate and unparticularized suspicion or ‘hunch’ ” that the person stopped is armed and dangerous in order to justify a pat-down search. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The requirement that an officer has reasonable suspicion to search an individual in a vehicle not only applies to the driver but extends to protect passengers as well. Arizona v. Johnson, 555 U.S. 323, 327, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009). The requirement also applies when the person has been ordered out of the vehicle by police officers, Knowles v. Iowa, 525 U.S. 113, 117—18, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), or when a person steps out on his own volition. Jett v. State, 716 N.E.2d 69, 70-71 (Ind.Ct.App.1999).
Law enforcement officers do face significant risks in performing traffic stops and it is for this reason the Fourth Amendment allows an individual’s privacy interests to be balanced against officer safety interests.
However, to subject the stopped motorist to a frisk for weapons is permissible only if a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Police may not frisk for weapons on less than reasonable belief or suspicion directed at the person to be frisked. An officer’s authority to conduct a pat-down search is dependent upon the nature and extent of his particularized concern for his safety and that of others.
Wilson v. State, 745 N.E.2d 789, 792 (Ind.2001) (quotations and citations omitted). The State concedes here, as it must, that no reasonable suspicion existed to pat down Cunningham. There was no indication to Officer Hammock that Cunningham was a threat to his safety. Indeed, in describing the interaction with Cunningham, Officer Hammock testified that Cunningham had been “very” cooperative throughout. Tr. at 14. Thus the State advances the argument that the search was acceptable under the Fourth Amendment based on consent—which is a well-recognized exception to the warrant requirement. Krise v. State, 746 N.E.2d 957, 961 (Ind.2001).
The State has the burden of proving consent to a search was freely and voluntary given. Campos v. State, 885 N.E.2d 590, 600 (Ind.2008). Whether consent was freely given is determined from the totality of the circumstances. Garcia-Torres v. State, 949 N.E.2d 1229, 1237 (Ind.2011). Acquiescence to a claim of lawful authority is not sufficient for the State to meet this burden. Bumper v. N. Carolina, 391 U.S. 543, 548-49, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).
The majority relies on Schneckloth v. Bustamante for the proposition that *30 “‘[w]hile knowledge of the right to refuse is one factor to be taken into account,’ it is not ‘the sine qua non of an effective consent.’ ” Op. at 27 (citation omitted). Like Justice Marshall,
I would have thought that the capacity to choose necessarily depends upon knowledge that there is a choice to be made. But today the Court reaches the curious result that one can choose to relinquish a constitutional right—the right to be free of unreasonable searches—without knowing that he has the alternative of refusing to accede to a police request to search.
Schneckloth, 412 U.S. 218, 277, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (Marshall, J., dissenting) (footnote omitted). For the same reason, here Cunningham’s consent to this search was not voluntarily given.
It is of course the case that police officers have the authority to maintain control of a traffic stop, including ordering someone to either stay in or exit a vehicle. However, it goes too far to permit a police officer to be able to barter an individual’s constitutional right to be free from war-rantless, unreasonable searches in exchange for the individual to verify he in fact was committing a minor traffic infraction as the officer alleged. Up to the point when Cunningham asked to step out of the vehicle, the officer had no safety concerns. The officer also had not instructed Cunningham to remain in the vehicle. If instead of asking permission Cunningham simply had gotten out of the vehicle, inspected the light in the same calm demeanor, then immediately got back in his vehicle—whether or not Officer Hammock in the meantime had ordered him back in—Cunningham would not have done anything to warrant a search. See Jett v. State, 716 N.E.2d at 71. Unlike the majority, it appears to me Officer Hammock was not seeking Cunningham’s permission to search in telling Cunningham he “would pat him down.” Tr. at 6 (emphasis added). Instead it is apparent the officer was merely asserting that he had that right. Cunningham’s response of “that was fine,” id., only served as verbal acknowledgement of his submission to the claimed authority.
I agree with my colleagues on the Court of Appeals that the “pat-down search of Cunningham violated the Fourth Amendment and the resulting fruits of that search must be suppressed.” State v. Cunningham, 4 N.E.3d 800, 807 (Ind.Ct.App.2014). Accordingly, I would affirm the trial court’s grant of Cunningham’s motion to suppress.