

**FILED**
May 20 2015, 7:07 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Katherine Modesitt Cooper
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tiras D. Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 20, 2015

Court of Appeals Case No.
48A05-1406-CR-269

Appeal from the Madison Circuit Court

The Honorable David A. Happe, Judge

Cause Nos. 48C04-0911-FC-667, 48C04-1201-FD-164

**Mathias, Judge.**

Tiras Johnson ("Johnson") appeals the Madison Circuit Court's revocation of his probation and argues that the trial court abused its discretion when it denied his motion to suppress evidence seized during a warrantless search of his friend's residence.

[2] We affirm.

## Facts and Procedural History

[3] In December 2012, Johnson pleaded guilty in Madison Circuit Court to Class D felony assisting a criminal under Cause Number 48C04-0911-FC-667. Johnson was ordered to serve a twenty-four month sentence, with twelve months served on in-home detention and twelve months on probation. Johnson also pleaded guilty in Madison Circuit Court to Class D felony possession of marijuana and Class A misdemeanor possession of paraphernalia under Cause Number 48C04-1201-FD-164. Johnson was ordered to serve an aggregate twenty-four month sentence, which was entirely suspended to probation. However, Johnson was ordered to serve that sentence consecutive to the sentence imposed under Cause Number 48C04-0911-FC-667.

[4] On February 26, 2014, after Johnson had completed twelve months of home detention, but while still on probation, the State filed a notice alleging that Johnson had violated his probation. The notice was filed under both cause numbers. The notice alleged that Johnson had violated probation by possessing and dealing in marijuana.

[5] Specifically, on February 19, 2014, Anderson Police Department Officers Chad Boynton and Chris Frazier, who had received reports of possible drug activity occurring at a duplex on Main Street in Anderson, Indiana, were conducting surveillance of the duplex when they decided to approach the duplex and knock on the door. Officer Boynton heard a man's voice inside the residence, and

Johnson answered the door. The officer immediately smelled the odor of burnt marijuana at the open door of the residence.

[6] Johnson spoke to the officer and stated that he did not live at the residence but that it belonged to Brittany Brooks,[1] who was at school. Officer Boynton asked to come inside the residence, and Johnson refused, but stepped outside to speak with the officers. Johnson was then handcuffed and read his Miranda rights. The officer explained that he wanted to investigate the odor of marijuana, and Johnson replied that he had not smoked marijuana, but that he had been smoking spice. Based on Johnson's appearance, i.e. red eyes and sluggishness, Officer Boynton believed that Johnson had smoked marijuana.

[7] Officer Boynton continued to hear movement inside the duplex but could not pinpoint whether the movement was coming from Brooks's side of the duplex or the adjoining residence. Johnson stated that no other person was in Brooks's duplex. Officer Boynton decided to enter Brooks's residence to make sure no other person was present who might harm the officers or destroy evidence. Officer Boynton did not find anyone else in the duplex but did observe what appeared to be marijuana in plain view on the living room coffee table.

[8] Officer Boynton exited the residence after approximately forty seconds and contacted Brooks to explain the situation. Brooks stated that she would be

---

[1] The record has some indication that Brooks was Johnson's cousin. Tr. p. 38; Appellant's App. p. 64.

home shortly. However, she did not return home, and after waiting approximately forty minutes, the officers obtained a search warrant.

[9] When the officers executed the search warrant, Officer Boynton discovered marijuana stored in plastic bags in the kitchen. Officer Frazier found a backpack, which Johnson admitted was his. The backpack contained a large amount of marijuana stored in plastic bags. Johnson later admitted that the marijuana was his and he had been dealing in marijuana. Tr. p. 41. The officers field tested the plant material on the living room table, and it tested positive for marijuana. A partially smoked, hand-rolled marijuana cigarette was also found on the table.

[10] During the probation revocation proceedings, Johnson moved to suppress the evidence seized during the initial, warrantless search of Brooks's residence. In response, the State argued that Johnson lacked standing to challenge the warrantless search. Johnson did not live at Brooks's residence but was a frequent visitor. In the alternative, the State argued that exigent circumstances supported the officers' warrantless entry into Brooks's residence.

[11] The trial court denied Johnson's motion to suppress after concluding that he lacked standing to challenge the search. The court also concluded that Officer Boynton's warrantless search of Brooks's duplex was supported by the existence of exigent circumstances, i.e. the concern that evidence could be destroyed if another person was in the residence. Finally, the court determined that even if the evidence seized during the warrantless search was suppressed, "there was

still adequate information to support the search warrant." Appellant's App. p. 77.

[12] The trial court then revoked Johnson's probation after concluding that the State proved by a preponderance of the evidence that Johnson possessed and committed dealing in marijuana. Johnson was ordered to serve twelve months in the Department of Correction, with credit for 81 days of time served, under Cause Number 48C04-0911-FC-667. Under Cause Number 48C04-1201-FD-164, Johnson was ordered to serve his previously suspended twenty-four month sentence in the Department of Correction. Johnson now appeals.[2]

## Discussion and Decision

[13] Johnson and the State argue whether Johnson had a reasonable expectation of privacy in Brooks's duplex and/or standing to challenge the search of his backpack where the marijuana was packaged and stored. Johnson also argues that Officer Boynton's warrantless entry and search of Brooks's duplex violated both the Fourth Amendment of the United States Constitution and Article One, Section Eleven of the Indiana Constitution.

[14] The State also argues that even if Johnson had a reasonable expectation of privacy and the warrantless search ran afoul of those constitutional provisions, any error was harmless because probable cause still existed to support the

---

[2] We held oral argument for this appeal on April 14, 2015, at Manchester University. We would like to extend our gratitude to the staff, faculty, and students for their hospitality. We also thank counsel for their written and oral advocacy.

search warrant if the information obtained during the warrantless search is redacted. Johnson's backpack containing marijuana was discovered and searched during execution of the search warrant. We find this argument to be dispositive, and therefore, we will not address the other issues raised in the parties' briefs.

[15] Both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution require probable cause for the issuance of a search warrant. *Rader v. State*, 932 N.E.2d 755, 758 (Ind. Ct. App. 2010), *trans. denied*. "Probable cause" is a fluid concept incapable of precise definition and must be decided based on the facts of each case. *Id.* In deciding whether to issue a search warrant, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, a fair probability exists that evidence of a crime will be found in a particular place. *Id.* at 758-59; *see also* Ind. Code § 35-33-5-2(a); *Walker v. State*, 829 N.E.2d 591, 594 (Ind. Ct. App. 2005) (stating that "[p]robable cause is established when a sufficient basis of fact exists to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime"), *trans. denied*.

[16] "The duty of a reviewing court is to determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed."[3] *Rader*, 932

---

[3] The reviewing court includes both the trial court ruling on the motion to suppress and the appellate court reviewing the trial court's decision. *State v. Spillers*, 847 N.E.2d 949, 953 (Ind. 2006).

N.E.2d at 759. "While we review the question de novo, we give significant deference to the issuing magistrate's determination and focus on whether reasonable inferences drawn from the totality of the evidence support the finding of probable cause." *Id*. In determining whether an affidavit provided probable cause for the issuance of a search warrant, doubtful cases should be resolved in favor of upholding the warrant. *State v. Shipman*, 987 N.E.2d 1122, 1126 (Ind. Ct. App. 2013).

[17] In this case, the question is whether Officer Boynton had probable cause to make his initial entry into Brooks's duplex before he observed the marijuana on the living room table in plain view. If he did not, then the evidence must be suppressed under the "fruit of the poisonous tree" doctrine, which bars the admissibility in a criminal proceeding of evidence obtained in the course of unlawful searches and seizures. *See Hanna v. State*, 726 N.E.2d 384, 389 (Ind. Ct. App. 2000). "The doctrine operates to bar not only evidence directly obtained, but also evidence derivatively gained as a result of information learned or leads obtained during an unlawful search or seizure." *Id.*

[18] The probable cause affidavit contains the following facts known to Officer Boynton before he performed the warrantless search:

> 1. The officers received information that illegal drug activity was taking place at Brooks's address.
>
> 2. Prior to knocking on the door of the duplex, the officers observed a silver Chevy Impala parked in the driveway. "Based upon periodic surveillance of the duplex, over the course of the

last 4-6 weeks, [Officer Boynton] knew this vehicle to come and go from the residence on a near daily basis."

3. When Johnson opened the door, the officer "immediately detected a very strong odor of burnt marijuana coming from within the residence."

4. Johnson refused to allow the officers inside the residence and told them that the residence belonged to his cousin, Brooks.

Appellant's App. p. 64.

[19]     Officer Boyton, who has made hundreds of arrests for possession of marijuana, testified that the odor of burnt marijuana is "easily identifiable." Tr. p. 30. Also, when Johnson answered the door, the officers believed that he was under the influence of marijuana because he was sluggish, and his eyes were red and droopy. Tr. p. 31. Johnson told the officers that no marijuana was in the house but that he had been smoking spice. Tr. p. 32. Officer Boyton testified that the odors of burning spice and burnt marijuana do not smell "any where near the same," and he did not believe Johnson's claim that he had been smoking spice. Tr. pp. 32-33.

[20]     From these facts, Officers Boynton and Frazier had sufficient information that would lead a reasonable person to conclude that Johnson had recently smoked marijuana and had committed possession of marijuana, and therefore, a fair probability existed that evidence of that crime would be found in Brooks's residence. We agree with the trial court that probable cause existed to support the search warrant issued for Brooks's residence even if Officer Boyton's

observation of the marijuana located in plain view on the living room table had not been included in the probable cause affidavit.

[21] For all of these reasons, we conclude that the trial court acted within its discretion when it admitted evidence that the officers discovered a large quantity of marijuana in Johnson's backpack when they executed the search warrant. Therefore, we affirm the trial court's order denying Johnson's motion to suppress and finding that he violated his probation.

[22] Affirmed.

Barnes, J., and Crone, J., concur.