## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2016, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
The Law Office of John L. Tompkins
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert McDade,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

December 14, 2016

Court of Appeals Case No.
49A04-1606-MI-1414

Appeal from the Marion Superior Court

The Hon. Michael Keele, Judge

The Hon. Kimberly Dean Mattingly, Magistrate

Trial Court Cause No. 49D07-1512-MI-42105

**Bradford, Judge.**

# Case Summary

On May 25, 2016, the trial court signed an order transferring property to the United States government. Appellant-Defendant Robert McDade appeals the order transferring the property, contending that the boilerplate language in the warrant application used to seize the property is insufficient to provide adequate specific facts to support the issuance of the warrant. Concluding that the warrant application was correctly and adequately completed, we affirm.

# Facts and Procedural History

On July 3, 2015, Detective Brian Thorla and others from the Indianapolis Metropolitan Police Department entered a shipping facility and visually inspected a number of parcels. The detectives were looking for certain indicators of suspicious packages, including "going to a source State, heavily taped box, paid for by cash for overnight delivery, no signature, no phone numbers, handwriting on the box." Appellee's Brief at 6. Detective Thorla discovered a package that was addressed to a source state, California, and was sealed then taped. Detective Thorla, a certified K9 handler, used a certified K9 to exam the suspicious parcel and several other similar ones. The K9 gave a positive indication to the suspicious parcel consistent with the presence of a controlled substance.

[3] Later that day, Detective Thorla applied for and received a warrant to search McDade's parcel at the shipping company. On the warrant application, Detective Thorla described the parcel as a "'White FedEx Box' with trafficking number 8077 7767 2789... [that] was suspicious because it was to be shipped to California, a state known to be a source state, and it was sealed then taped." Brief for Appellee at 7. Additionally, Detective Thorla averred that he had probable cause to believe that the parcel contained controlled substances based on the above description and the fact that his certified canine indicated that it had the odor of a controlled substance.

[4] The search warrant authorized Detective Thorla to search the parcel described in the application with the same trafficking number and the same sender/addressee information as provided. After searching, Detective Thorla and the other detectives found a total of $28,895 in the parcel, but nothing else.

[5] On December 22, 2015, the Appellee-Plaintiff, the State of Indiana (the "State"), filed a complaint for forfeiture. The next day the State filed a notice and motion to transfer seized property to the United States. On January 6, 2016, McDade filed his answer. On January, 14, 2016, McDade filed his objection to notice and motion to transfer seized property to the United States.

[6] Following trial, which was conducted based on the filings, the trial court signed the order transferring property to the United States. The order authorized the State to transfer the seized $28,895 in U.S. currency to the appropriate federal authority.

# Discussion and Decision

[7] On appeal, McDade argues that the warrant application did not contain adequate specific facts to support the issuance of a warrant to seize the parcel because it used boilerplate language to describe the item to be seized. Additionally, McDade argues that this Court should not assume that a neutral and detached magistrate reviewed the warrant application because the description of the item to be seized was not completed as required by the warrant application form.

[8] McDade raises the following issues on appeal: (1) whether the warrant application was sufficient and set out adequate specific facts to support the issuance of a search warrant and (2) whether it can be presumed that a neutral and detached magistrate reviewed the warrant application when a material section of the application requiring the description of the item was not completed correctly. The second issue McDade addresses in his appeal is a reframing of the first issue, but still involves the potential problem of the description of the item to be seized not being completed as required. We will address the two issues as one and state it as whether the warrant application had adequate specific facts to support the issuance of a search warrant.

[9] In reviewing the issuance of a search warrant, "the reviewing court is to determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed." *Johnson v. State*, 32 N.E.3d 1173, 1177 (Ind. Ct. App. 2015) (quoting *Rader v. State*, 932 N.E.2d 755, 759 (Ind. Ct. App. 2010),

*trans. denied*), *trans. denied*. The standard of review for this Court is de novo, but we will give "significant deference to the issuing magistrate's determination and focus on whether reasonable inferences drawn from the totality of the evidence support the finding of probable cause." *Id*. The issuing magistrate's task in deciding whether to issue a search warrant is to simply "make a practical, common-sense decision whether … a fair probability exists that evidence of a crime will be found in a particular place." *Id*. at 758-59. Finally, "doubtful cases should be resolved in favor of upholding the warrant." *Id*. (quoting *State v. Shipman*, 987 N.E.2d 1122, 1126 (Ind. Ct. App. 2013)).

[10] Indiana Code section 35-33-5-2 provides, in relevant part, as follows:

> (a) … no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:
>
>> (1) particularly describing:
>>
>>> (A) the house or place to be searched and the things to be searched for
>>> …
>>
>> (2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:
>>
>>> (A) the things sought are concealed there
>>> …
>>
>> (3) setting forth the facts known to the affiant through personal knowledge or based on hearsay, constituting the probable cause.

[11] McDade argues that the warrant application submitted by Detective Thorla used boilerplate language that failed to adequately describe the item to be searched and seized. The warrant application form has several auto-fill

prompts indicated by the term "PARCEL(S)" that Detective Thorla did not change to represent the specific details of the package in question. In one instance, Detective Thorla mentions the specific package, or the "PARCEL(S)," along with three other similar packages without designating specifically what package or packages out of the four packages would be searched. However, Detective Thorla does describe adequately the specific package at the top of the second page of the application as indicated above and this description was used when the search warrant was issued.

[12] There is no reason to believe that the issuing magistrate lacked a "substantial basis for concluding that probable cause existed" based on the warrant application. *Johnson v. State*, 32 N.E.3d 1173, 1177 (Ind. Ct. App. 2015) (quoting *Rader v. State*, 932 N.E.2d 755, 759 (Ind. Ct. App. 2010), *trans. denied*), *trans. denied*. The package was described in detail and the application provided a number of reasons that Detective Thorla might have probable cause to believe that the package contained something illegal. It is a reasonable inference that the term "PARCEL(S)" in the warrant application referred to the package described in detail on the second page of the application. It is not a reasonable inference that the term "PARCEL(S)" referred to some random package or packages that the detectives used as controls to ensure the accuracy of the certified K9's positive indication of the package given that a detailed description had already been given.

[13] In *Rios v. State*, we rejected a similar argument with similar facts. 762 N.E.2d 153 (Ind. Ct. App. 2002). The officers in *Rios* were examining packages in a

shipping facility where they noticed a suspicious package similar to the one in question here. *Id.* at 156. One of the officers then placed the suspicious package next to a few others and a certified K9 alerted to the suspicious package. In the warrant application, the officer left much of the boilerplate language in the application alongside "facts particular to Rios' package inserted in bold by a word processing program." *Id.* at 160. We found the affidavit sufficient because it had facts "specific to Rios' package as it describes the package and who found it … in detail, states that the dog sniffed the package and alerted to it." *Id.*

[14] Based on the ruling in *Rios* and the facts of the warrant application submitted by Detective Thorla, it is clear that the description Detective Thorla gave in the warrant application is sufficient to meet the requirements of Indiana Code section 35-33-5-2 and provides adequate facts to support the issuance of the warrant.

[15] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.