ATTORNEY FOR APPELLANT
Christopher A. Cage
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court



No. 48S05-0806-CR-370

RALPH BELVEDERE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Madison Superior Court, No. 48D03-0406-FC-00303
The Honorable Thomas Newman, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 48A05-0611-CR-669

**June 27, 2008**

**Boehm, Justice.**

On May 17, 2002, Madison County Drug Task Force's Detective Kevin Earley received a tip from a confidential source about a white man "by the name of Ralph" who lived at a specified address. The source took Earley to the address and said that he had "been in the house approximately two days before" where he had seen "two pounds of marijuana." The informant also said that "within the last few months" he had seen "up to ten pounds of marijuana" in an apartment behind the house that was also owned by "Ralph." Earley ran a license check on the truck parked in the driveway and learned from the Anderson City utilities that the owner of the

property was Ralph Belvedere. Earley placed surveillance on the house. On May 19, Earley seized a trash bag set out in the alley behind Belvedere's apartment. In the trash, he discovered seeds, stems, and material which were later confirmed to be from marijuana plants. Based on this evidence, Earley obtained a search warrant, and seized over ten pounds of marijuana.

On June 10, 2004, Belvedere was charged with Class C felony possession with intent to deal marijuana and Class D felony maintaining a common nuisance. On March 23, 2005, we decided Litchfield v. State, 824 N.E.2d 356 (Ind. 2005). On October 14, 2005, Belvedere moved to suppress the evidence from the trash pull, citing Litchfield. The trial court denied the motion to suppress, but the Court of Appeals reversed. Belvedere v. State, 875 N.E.2d 352 (Ind. Ct. App. 2007). The Court of Appeals held that Litchfield governed this search, the search was unconstitutional under Litchfield, and neither the statutory nor constitutional good faith exceptions applied. Id. at 357, 362-63. We grant transfer concurrent with this opinion.

We review de novo a trial court's ruling on the constitutionality of a search or seizure. Myers v. State, 839 N.E.2d 1146, 1150 (Ind. 2005). However, we give deference to a trial court's determination of the facts, which will not be overturned unless clearly erroneous. Id. Thus, we do not reweigh the evidence, but consider conflicting evidence most favorably to the trial court's ruling. State v. Quirk, 842 N.E.2d 334, 340 (Ind. 2006).

For the reasons explained in Membres v. State, No. 49S02-0701-CR-33, ___ N.E.2d ___, slip op. at 11 (Ind. June 27, 2008), also decided today, "challenges to pre-Litchfield searches that did not raise Litchfield-like claims in the trial court before Litchfield was decided are governed by pre-Litchfield doctrine." Because Belvedere's challenge to this pre-Litchfield search was first raised after Litchfield was decided, Litchfield is not available to him in this appeal.

This trash search is governed by the law as articulated in Moran v. State, 644 N.E.2d 536 (Ind. 1994), which looked to the totality of the circumstances to evaluate the reasonableness of a search and seizure. In Moran, we upheld a search and seizure of garbage left in front of the defendant's house, noting that the police conducted themselves as trash collectors, did not disturb Moran or his neighbors, and did not trespass. Id. at 541. Similarly, in Lovell v. State, 813 N.E.2d 393, 398 (Ind. Ct. App. 2004), the Court of Appeals upheld a trash search under

2

Moran where the trash bags were next to the mailbox, other people had trash out, and there was no indication of trespass or disturbance of the neighbors.

In this case, a confidential informant told Detective Earley about the presence of drugs, gave a name and description of Belvedere, and took him past Belvedere's house. Earley verified Belvedere's identity by running a license check on the parked vehicle and checking utility records. Earley testified that the trash was sitting out in an alley, presumably to be collected, and there is no argument that Earley failed to retrieve the trash in the same manner as a trash collector, bothered any neighbors, or trespassed. Thus, the trash search was reasonable under the law at the time of the search.

## Conclusion

The trial court's denial of the motion to suppress the evidence of the trash search is affirmed.

Shepard, C.J., and Dickson, J., concur.

Sullivan, J., dissents, for the reasons set forth in his dissenting opinion today in Membres v. State, No. 49S02-0701-CR-33 (Ind. June 27, 2008) (Sullivan, J., dissenting).

Rucker, J., dissents with separate opinion.

**Rucker, Justice dissenting.**

I respectfully dissent. For reasons expressed in my separate opinion in <u>Membres v. State</u>, No. 49S02-0701-CR-33, ___ N.E.2d ___, ___ (Ind. June 27, 2008) (Rucker, J., dissenting), I would apply <u>Litchfield</u> retroactively to this case. In so doing I agree with the Court of Appeals that the search of Belvedere's trash was unconstitutional and no statutory or constitutional good faith exceptions apply. <u>See</u> <u>Belvedere v. State</u>, 875 N.E.2d 352 (Ind. Ct. App. 2007).