

FILED

Feb 09 2016, 8:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicole Miller, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 9, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1507-CR-789 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jose D. Salinas, Judge <br><br> Trial Court Cause No. <br> 49G14-1405-FD-25893 |

**Baker, Judge.**

[1] Nicole Miller appeals the trial court's interlocutory order denying her motion to suppress evidence. A police officer, responding to a call of a "disturbance" but lacking probable cause or reasonable suspicion of any criminal activity, asked Miller to speak with him. When she instead walked away, she was arrested for resisting law enforcement. Reasserting the principles of *Gaddie v. State*, 10 N.E.3d 1249 (Ind. 2014), we find that this arrest violated Miller's well-established right to walk away; consequently, the subsequent search incident to the arrest violated her Fourth Amendment rights. We reverse and remand.

## Facts

[2] On May 17, 2014, two Indianapolis police officers received a message over their radio that a woman was causing a disturbance at a local convenience store. As the officers arrived at the intersection, they saw a woman—later identified as Miller—walking across the street away from the store. An employee of the store came outside and pointed at her. The officers drove toward Miller and turned on their emergency lights.

[3] By the time the officers pulled up, Miller was approaching the door of an apartment. One officer exited his vehicle and said, "Hey, I need to talk to you." Tr. 10. Miller turned, looked at the officer, ignored him, and entered the apartment.

[4] The officers went up to the porch of the residence and knocked on the door. A different woman answered and told the officers that Miller was using the restroom. Ten to fifteen minutes later, Miller came outside. When asked why

she did not initially stop to speak with the officer, she said, "I didn't know what you wanted to talk to me about." Tr. 11. The officer immediately placed Miller under arrest for resisting law enforcement. He patted her down and found what he believed to be Spice and a single Ecstasy pill.

[5] The other officer then walked back to the convenience store and spoke with the clerk. The clerk alleged that he and Miller got into an argument over the price of a soda; he further alleged that Miller became upset and damaged the EBT card reader. All of this information was relayed to the arresting officer after the arrest and search had been completed.

[6] On May 18, 2014, Miller was charged with class D felony possession of a controlled substance, class A misdemeanor criminal mischief, class A misdemeanor possession of a synthetic drug or synthetic drug lookalike, and class A misdemeanor resisting law enforcement. On March 18, 2015, Miller filed a motion to suppress the evidence found on her person, arguing that it was the product of an unconstitutional search. After an April 21, 2015, hearing, the trial court denied the motion, but certified the order for interlocutory appeal. We granted Miller's motion for interlocutory appeal.

## Discussion and Decision

[7] We review a trial court's decision regarding the admission of evidence for an abuse of discretion. *Smith v. State*, 889 N.E.2d 836, 839 (Ind. Ct. App. 2008). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts before the trial court. *Figures v. State*, 920 N.E.2d 267, 271

(Ind. Ct. App. 2010).  We consider any uncontested evidence favorable to the defendant, but we will not reweigh the evidence and will resolve any conflicts in the evidence in favor of the trial court's ruling.  *Widduck v. State*, 861 N.E.2d 1267, 1269 (Ind. Ct. App. 2007).  We conduct a de novo review of a trial court's ruling on the constitutionality of a search or seizure.  *Belvedere v. State*, 889 N.E.2d 286, 287 (Ind. 2008).

[8]     Miller claims that the officers did not have probable cause to arrest her, and that therefore the subsequent search violated her Fourth Amendment rights.  The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ."  Typically, any search conducted without a warrant is unreasonable unless it falls within a "few specifically established and well-delineated exceptions."  *Katz v. United States*, 389 U.S. 347, 357 (1967).  One recognized exception is the search incident to arrest, *Edwards v. State*, 759 N.E.2d 626, 629 (Ind. 2001); but for a search incident to arrest to be valid, the initial arrest must be lawful.  *Jones v. State*, 467 N.E.2d 1236, 1239 (Ind. Ct. App. 1984).  An arrest is lawful if it is supported by probable cause. *K.K. v. State*, 40 N.E.3d 488, 491 (Ind. Ct. App. 2015).

[9]     We make two initial observations.  First, Miller's arrest cannot be legitimized by her activities in the convenience store.  At the time of her arrest, the officers only had a report of a "disturbance," coupled with the clerk pointing at Miller. Our Supreme Court has explained that "a report of a disturbance, without

more, is not a sufficient basis upon which to conduct an investigatory stop," much less an arrest. *Gaddie v. State*, 10 N.E.3d 1249, 1255 (Ind. 2014).

[10] Second, Miller's arrest cannot be legitimized by her jaywalking. It is true that Indianapolis-Marion County Municipal Code section 441-108(a) requires pedestrians to cross streets at intersections; that Indiana Code section 34-28-5-3(a) permits officers to detain violators of municipal codes in order to identify the person and inform her of the allegation; and that those who refuse to provide information to an officer who has stopped them for an ordinance violation commit a class C misdemeanor. I.C. § 34-28-5-3.5(1). But there is no evidence in the record that Miller refused to give the officers information, or that she was informed of the alleged violation. The undisputed evidence shows that the officer asked Miller why she did not stop, she answered, and then she was immediately placed under arrest.

[11] We are left with the rationale on which the trial court relied: that the officer had probable cause to believe that Miller had committed the crime of resisting law enforcement by fleeing.[1] That crime can be divided into three elements: (1) Miller knowingly fled; (2) from a law enforcement officer who had identified

---

[1] The State has not argued, at the trial or appellate level, that the doctrine of inevitable discovery applies. *See Nix v. Williams*, 467 U.S. 431, 443-44 (1984). If the officers had spoken with the clerk before arresting Miller, they might have obtained probable cause to arrest Miller for criminal mischief, in which case they perhaps would have found the evidence at issue. We note, however, that the burden is on the State to prove that this exception to the warrant requirement applies. *Clark v. State*, 994 N.E.2d 252, 272 (Ind. 2013). As the State has not argued, much less proved, that this exception applies, the doctrine of inevitable discovery cannot be a basis to admit the evidence at issue.

himself or herself; (3) after that officer ordered the person to stop. Ind. Code § 35-44.1-3-1.

[12] The parties argue over whether the officer's statement, "Hey, I need to talk to you," along with his flashing emergency lights, constituted an order to stop. We find these arguments to be beside the point; following our Supreme Court's decision in *Gaddie*, we believe that even if Miller had disobeyed a direct and unambiguous order from the officer to stop, she could not be subjected to an arrest or a search based solely on her failure to obey the order.

[13] Prior to *Gaddie*, some appellate decisions upheld convictions for resisting law enforcement even where the police had no basis to order the defendant to stop. *See, e.g., Cole v. State*, 878 N.E.2d 882, 886 (Ind. Ct. App. 2007) ("we do not even need to decide whether Officer Decker had reasonable suspicion to stop Cole because Cole had no right to flee from . . . Officer Decker"); *Daindridge v. State*, 810 N.E.2d 746, 749 (Ind. Ct. App. 2004) ("[i]n Indiana, an individual may not flee from a police officer who has ordered the person to stop, regardless of the apparent or ultimate lawfulness of the officer's order").

[14] Our Supreme Court abrogated this line of cases, holding that the third element of the resisting law enforcement by fleeing statute "must be understood to require that such order to stop rest on probable cause or reasonable suspicion, that is, specific, articulable facts that would lead the officer to reasonably suspect that criminal activity is afoot." *Gaddie*, 10 N.E.3d at 1255. Anything less would violate a "person's well-established freedom to walk away. . . ." *Id.*

at 1254. Since that officer lacked probable cause or reasonable suspicion that a crime other than resisting law enforcement was taking place, Gaddie's conviction was vacated. *Id.* at 1256.

[15] Although the present case comes to us in a different procedural posture—a motion to suppress evidence rather than a conviction for resisting law enforcement—we find *Gaddie*'s rationale to compel a reversal. Our Supreme Court recognized that a person's freedom to walk away is rendered illusory if she is subjected to criminal penalty for exercising that freedom. Just the same, a person's freedom to walk away is rendered illusory if she is subjected to arrest for exercising that freedom.[2]

[16] If a conviction for resisting law enforcement cannot be sustained, absent probable cause or reasonable suspicion of criminal activity, without running afoul of the Fourth Amendment, neither can an arrest. And if such an arrest cannot be constitutionally sustained, neither can the search incident to that arrest.[3]

---

[2] We emphasize, however, that the freedom to walk away from police is not absolute, and would be limited by probable cause or reasonable suspicion that criminal activity is afoot, or in certain "community caretaker" exceptions. *See Gaddie*, 10 N.E.3d at 1255 n.3. None of these circumstances are present in this case.

[3] Because we find that the search violated Miller's Fourth Amendment rights, we decline to address her argument regarding the Indiana Constitution as it would be superfluous.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Bradford, J., and Pyle, J., concur.