## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2016, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Tyler E. Burgauer
Certified Legal Intern

Joel M. Schumm
Appellate Clinic
Indiana University
Robert H. McKinney School of Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Sanders,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 13, 2016

Court of Appeals Case No.
49A05-1605-CR-971

Appeal from the Marion Superior Court

The Honorable Linda Brown, Judge

Trial Court Cause No.
49G10-1601-CM-1539

**Bailey, Judge.**

# Case Summary

Following a bench trial, Marcus Sanders ("Sanders") was convicted of Possession of Marijuana as a Class A misdemeanor.[1] Sanders now appeals, raising the sole restated issue of whether the trial court improperly admitted evidence observed in plain view during an investigatory stop. We affirm.

# Facts and Procedural History

On December 3, 2015, Marion County Sheriff's Deputy Brandon Stewart ("Deputy Stewart"), in full police uniform, was working as a courtesy officer for an apartment complex in Indianapolis. Around 9:00 p.m., Deputy Stewart saw a vehicle strike a curb twice while moving from one parking spot to another. Deputy Stewart was concerned that the driver was intoxicated and decided to check on the driver. As Deputy Stewart approached the vehicle, Sanders began to exit, and Deputy Stewart told Sanders to stay in the vehicle. Sanders complied and left the door open. Deputy Stewart noticed a clear "baggie" near the doorframe that contained a green leafy substance. Deputy Stewart seized the suspected contraband. Later testing concluded that the substance was marijuana.

---

[1] Ind. Code § 35-48-4-11(b).

[3] On January 13, 2016, the State charged Sanders with Possession of Marijuana. During a bench trial, Sanders moved to suppress the marijuana evidence. The trial court denied Sanders's motion and found Sanders guilty.

[4] Sanders now appeals.

# Discussion and Decision

[5] Sanders argues that Deputy Stewart's warrantless stop violated his rights under the Fourth Amendment to the U.S. Constitution and Article I, Section 11 of the Indiana Constitution. He contends that the marijuana evidence procured during the stop should not have been admitted.

[6] The trial court has broad discretion to rule on the admissibility of evidence at trial. *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014). We review the trial court's ruling for abuse of that discretion and reverse only when admission is clearly against the logic and effect of the facts and circumstances before the court and the error affects a party's substantial rights. *Id.* The constitutionality of a search or seizure is a question of law, which we review *de novo*. *Kelly v. State*, 997 N.E.2d 1045, 1050 (Ind. 2013). In reviewing the constitutionality of a search or seizure, we do not reweigh the evidence, but consider conflicting evidence most favorably to the trial court's ruling. *Belvedere v. State*, 889 N.E.2d 286, 288 (Ind. 2008).

# Fourth Amendment

[7] The Fourth Amendment provides protection against unreasonable searches and seizures by generally prohibiting such acts without a warrant supported by probable cause. U.S. Const. amend. IV. The State has the burden of showing that an exception to the warrant requirement applies. *Osborne v. State*, No. 29S02-1608-CR-433, slip op. at 4 (Ind. Nov. 29, 2016). One exception is the *Terry* stop, which permits an officer to "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such a stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981).

[8] Here, Deputy Stewart saw Sanders twice strike a parking lot curb. Suspecting that Sanders was intoxicated, Deputy Stewart initiated a *Terry* stop. Sanders contends that "[i]t is not unusual for drivers to bump curbs while positioning their vehicles in parking lots," (Appellant's Br. at 10), characterizing the curb strikes as innocuous parking maneuvers. The evidence favorable to the ruling, however, indicated that Sanders struck the curb as he was moving between two parking spots.

[9] In *Robinson v. State*, 5 N.E.3d 362 (Ind. 2014), our supreme court found reasonable suspicion to justify a *Terry* stop when an officer observed a vehicle

cross over the fog line twice. The *Robinson* Court acknowledged that "such movement could have been attributable to driver distraction or some other more innocuous case," but observed that "*Terry* does not require absolute certainty of illegal activity, but rather reasonable suspicion." *Robinson*, 5 N.E.3d at 368.

[10] Just as there was reasonable suspicion in *Robinson* when the vehicle twice crossed the fog line, we find that under these facts there was reasonable suspicion when Sanders twice struck the curb while driving in a parking lot. Accordingly, Deputy Stewart did not violate Sanders's Fourth Amendment rights when Deputy Stewart carried out an investigatory stop.

# Article I, Section 11

[11] The text of Article 1, Section 11 of the Indiana Constitution is similar to that of the Fourth Amendment. However, we conduct a separate, independent inquiry focusing on whether the police conduct was "reasonable under the totality of the circumstances." *State v. Washington*, 898 N.E.2d 1200, 1205-06 (Ind. 2008). In evaluating reasonableness, we consider three factors: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind. 2005).

[12] Here, the degree of concern was high because Deputy Stewart witnessed Sanders twice strike a curb while driving between parking spots, indicating that

Sanders may have been impaired. The degree of intrusion was low, which Sanders concedes, because Deputy Stewart was carrying out a brief investigatory stop. The extent of law enforcement needs was high because an intoxicated driver could have returned to the road and endangered the public if Deputy Stewart had not intervened.

[13] Sanders argues that law enforcement needs were nonexistent because Deputy Stewart was working in an off-duty capacity. Sanders relies on *C.P. v. State*, 39 N.E.3d 1174 (Ind. Ct. App. 2015), *trans. denied*, where this Court found law enforcement needs nonexistent when an officer working a church event stopped someone who was wearing sagging pants and using obscenities, which violated church policies. Here, however, Deputy Stewart stopped Sanders on suspicion that Sanders was violating Indiana law.

[14] We find that the investigatory stop was reasonable under the totality of the circumstances and, therefore, not in violation of Article I, Section 11.

[15] Finally, we note that Sanders makes a cursory argument concerning plain view. The plain view doctrine provides that "police do not need a warrant to seize incriminating evidence . . . if the following conditions are met: (1) police have a legal right to be at the place from which the evidence can be plainly viewed; (2) the incriminating character of the evidence is immediately apparent; and (3) police have a lawful right of access to the object itself. *Houser v. State*, 678 N.E.2d 95, 101 (Ind. 1997) (citing *Horton v. California*, 496 U.S. 128, 136-37 (1990)). Here, Sanders contends that Deputy Stewart did not have a legal right

to be in plain view of the marijuana evidence because the investigatory stop was unconstitutional. Having found no constitutional defect with the investigatory stop, we find that the plain view doctrine justified seizure of the marijuana evidence.

# Conclusion

Because Deputy Stewart constitutionally stopped Sanders, the trial court did not abuse its discretion in admitting evidence in plain view during the stop.

Affirmed.

Najam, J., and May, J., concur.